UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arturo Baidal,<br><br>                              Plaintiff,<br>    -v-<br><br>Concord Management of NY LLC, and<br>Calper Realty Associates LLC,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Arturo Baidal ("Plaintiff," or "Baidal"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Concord Management of NY LLC, and Calper Realty Associates LLC (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York

Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Arturo Baidal ("Plaintiff" or "Baidal") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant Concord Management of NY LLC ("Concord Management") was a New York for-profit Limited Liability Company.

9. At all times relevant herein, Defendant Calper Realty Associates LLC ("Calper Realty") was a New York for-profit Limited Liability Company.

10. At all times relevant herein, Defendants Concord Management and Calper Realty owned and/or operated a place of business 3816 Review Place, Bronx, New York 10463, where Plaintiff was employed.

11. Upon information and belief, and at all times relevant herein, Defendant Calper Realty owned the building at which Plaintiff worked located at 3816 Review Place, Bronx, New York 10463– a multi-story building with about 59 rental units.

12. From on or about May 11, 2015, Defendant Concord Management became the successor in interest of the prior management company that managed the building in which Plaintiff worked.

13. Defendant Concord Management was the management company in charge of the operations of the building in which Plaintiff worked located at 3816 Review Place, Bronx, New York 10463, and Plaintiff's employment.

14. Upon information and belief and at all times relevant herein, the 3816 Review Place location where Plaintiff was employed, was individually, and/or jointly owned/controlled/managed by Defendants Concord Management and Calper Realty.

15. Upon information and belief and at all times relevant herein, Defendants Concord Management and Calper Realty controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

17. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

18. Upon information and belief, and at all relevant times herein, Defendants were engaged in business of building ownership and management in the New York tristate area. See http://concordny.com.

19. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly owned and/or operated several locations and employed dozens of employees.

20. Plaintiff Arturo Bidal was employed by Defendants, individually, and/or jointly, for about 13 years ending on or about December 21, 2016.

21. At all times relevant herein, Defendants, individually, and/or jointly employed Plaintiff as a handyman and Plaintiff performed maintenance in Defendants' building.

22. At all times relevant herein, Plaintiff was paid at an effective regular rate of approximately $24.28 per hour[1].

23. At all times relevant herein, Plaintiff worked about 45-55 hours each week and likely more for Defendants - 6 days a week, but was not paid for all hours worked in each week including overtime hours (hours over 40 in a week) worked. Plaintiff not only worked beyond his daily scheduled hours. Defendants had a practice of deducting an hour for lunch even though Plaintiff did not take any lunch break or took only a 15-20-minute meal/rest break due to the demands of his job.

24. At all times relevant herein, Defendants did not pay Plaintiff at the correct overtime rate of 1.5 times his effective regular hourly rate for each and all overtime hours worked.

25. At all times relevant herein, Defendants paid Plaintiff overtime wages for some weeks but in these weeks the overtime wages were paid at a rate lower than the effective regular rate and was not paid for all overtime hours. In most other weeks, Plaintiff was not paid any overtime wages owed. For example, for the week ending January 29, 2016, Plaintiff was paid for 11 overtime hours worked at a rate of $21.585 an hour, instead of the correct overtime rate of $36.43 an hour – Plaintiff was also not paid at all for about 3-4 overtime hours this week. By way of further example, for the week ending February 19, 2016, Plaintiff was paid for 14 overtime hours worked at an average rate of $11.70 an hour, instead of the correct overtime rate of $36.43 an hour – Plaintiff was also not paid at all for about 3-4 overtime hours this week.

26. Upon information and belief, and at all times relevant herein, Defendants made deductions from the wages of Plaintiff for the costs of the apartment Defendants required Plaintiff to

---

[1] The wage notice given to Plaintiff stated that his weekly salary of $503.82 was intended to cover 35 hours – this is the equivalent of $14.39 an hour. The apartment Defendants provided to Plaintiff was valued at about $1,500 a month or $9.89 an hour using the same 35-hour workweek. Plaintiff's effective hourly rate for overtime purposes is therefore $24.28 an hour and his effective overtime rate is $36.43 an hour. (See 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

reside in.

27. A more precise statement of the hours and wages will be made when Plaintiff Baidal obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

28. Upon information and belief, and at all times relevant herein, Defendants for their benefit and convenience, required Plaintiff Baidal to reside in its building located at 3816 Review Place where Plaintiff worked so that Plaintiff would be available to tenants at all hours of the day and would be able to respond to the needs of tenants and the building more quickly than if he resided away from the building.

29. At all times relevant herein, Defendants made deductions from Plaintiff's wages to the value of the apartment in which Plaintiff resided while working for Defendants. Defendants valued the apartment he required Plaintiff Baidal to reside in at about $1,400-$1,600 a month and they deducted/offset this amount from Plaintiff's wages.

30. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

31. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).

32. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked and/or wages earned by Plaintiff, among other deficiencies.

33. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500,000.

34. At all times applicable herein, Defendants conducted business with vendors/entities/persons

within the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

36. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

37. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

38. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

39. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

40. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

41. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

42. "Plaintiff" as used in this complaint refers to the named Plaintiff.

43. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

44. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period

preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly within the meaning of the FLSA.

47. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 206.

48. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

49. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

50. Due to Defendants' FLSA overtime wage violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR 142-2.2 (Unpaid Overtime Wages)

51. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the

regulations and wage orders thereunder.

53. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

55. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 54 above with the same force and effect as if fully set forth at length herein.

56. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

57. At all relevant times herein, Defendants violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, as required under NY Labor Law § 190 et seq.

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

59. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

60. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare Defendants, individually, and/or jointly, to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

62. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

63. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wage compensation, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

64. As to his **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, maximum liquidated

damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

65. Award Plaintiff prejudgment interest on all monies due.

66. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

67. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**February 5, 2017**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com